# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 18-CV-25398 MORENO/GOODMAN

KRISHNAN RAMANATHAN, et al.,

    Plaintiffs,

v.

FINANCIAL ALLIANCE LTD, et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATIONS ON PLAINTIFFS' RENEWED PETITION FOR WRIT OF *HABEAS CORPUS AD TESTIFICANDUM*

Plaintiffs filed a Renewed Petition for Writ of *Habeas Corpus Ad Testificandum* seeking to have this Court compel Immigration and Customs Enforcement ("ICE") to produce Herman Heinmann for a video deposition. [ECF No. 51]. United States District Court Judge Federico A Moreno referred the motion to the Undersigned for a Report and Recommendations. [ECF No. 52]. The Undesigned directed the Government to file a response to Plaintiffs' motion. [ECF No. 53]. ICE filed a response. [ECF No. 54]. Plaintiffs filed a reply. [ECF No. 55].

For the reasons discussed below, the Undersigned **respectfully recommends** the District Court **deny** Plaintiffs' motion.

I.      BACKGROUND

Plaintiffs filed a lawsuit against Herman Heinmann[1] and others for RICO violations under 18 U.S.C. § 1962, Conversion, and Unjust Enrichment. [ECF No. 1]. Plaintiffs allege Defendants fraudulently and deceitfully encouraged Plaintiffs to invest with various companies under the guise that Plaintiffs' money would be invested in lucrative stocks, bonds, and mutual funds. [ECF No. 1]. After receiving Plaintiffs' money, Defendants, instead of investing the money as promised, used it for their own personal gain. [ECF No. 1]. Plaintiffs contend that Heinmann is the "mastermind of the entire enterprise." [ECF No. 1, p. 30].

Defendants (including Heinmann) never filed an Answer or otherwise participated in the proceedings. Plaintiffs filed a motion for default judgment [ECF No. 42], which the Court granted. [ECF No. 46]. Plaintiffs were awarded $32,255,370 against Defendants, who are each jointly and severally liable for the full amount. [ECF No. 46].

Plaintiffs registered the Judgment in another district. [ECF No. 48].

As part of Plaintiffs' post-judgment discovery efforts, they filed a Petition for Writ of *Habeas Corpus Ad Testificandum*, seeking to compel ICE to produce Heinmann for a video deposition. [ECF No. 49]. In their initial petition, Plaintiffs allege Heinmann entered the United States under an Estonian passport. [ECF No. 49]. Plaintiffs attempted to serve

---

[1]      Plaintiffs' motion indicates "Herman Heinmann" is an AKA of German Lillevali, who is one of the named Defendants in the lawsuit. [ECF No. 51].

him for deposition but claim "[he] evaded service." [ECF No. 49, p. 2]. After this singular service attempt,[2] Heinmann was detained by ICE for overstaying the ninety-day period allowed for tourists/visitors without a Visa. [ECF No. 51]. Heinmann was initially held in an ICE detention facility but was later released as part of a class-action lawsuit. [ECF No. 51]; *see also Roman v. Wolf*, No. 20-cv-00768-TJH-PVC (W.D. Cal., Oct. 19, 2020) (releasing Heinmann, as a "Class Member" to an approved residence, subject to ICE location monitoring).

Plaintiffs' initial petition was denied. [ECF No. 50]. Plaintiffs filed a renewed petition, again requesting the court to order ICE to produce Heinmann for video deposition. [ECF No. 51]. The renewed petition alleges no additional facts.

In ICE's response, it provides the details of the restrictions on Heinmann's movement. Heinmann is under the supervision of the Alternative to Detention (ATD) program. [ECF No. 54-1]. Heinmann may travel, without advance permission, anywhere within 75 miles of his residence, which is located in the Los Angeles, California area. *Id*. With permission from his Deportation Officer ("DO") and Enforcement and Removal Operations ("ERO"), Heinmann may travel beyond the 75-mile limit. *Id*. This permission can be granted for "good cause, including but not limited to court appearances, court testimony, *depositions* and for other valid reasons." *Id*.

---

[2] The Undersigned assumes it was a singular service attempt because Plaintiffs fail to elaborate on their service efforts and attached only a *single* unserved subpoena, with no commentary, as evidence that Heinmann evaded service. [ECF No. 49, Ex. B].

## II. LEGAL PRINCIPLES

All writs of habeas corpus are extraordinary remedies. *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cty., California*, 411 U.S. 345, 351 (1973). Since writs of habeas corpus are "to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id.*; *see also* U.S.C. § 2241(c)(1) ("The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody under or by color of the authority of the United States. . . .")

## III. ANALYSIS

A writ of *habeas corpus ad testificandum* is a common law writ which is used to bring a prisoner—who is beyond the reach of an ordinary subpoena—to court to testify. *Clark v. Hendrx*, 397 F. Supp. 966, 970 (N.D. Ga. 1975) (citing *Gilmore v. State*, 129 F.2d 199 (10th Cir. 1942)); *see also Beard v. Mitchell*, 604 F.2d 485, 503 (7th Cir. 1979) ("The [writ of habeas corpus ad testificandum] is ordinarily issued to prison wardens to secure the presence at trial of individuals held in governmental custody."). The decision to issue such a writ rests with the sound discretion of the court. *Pollard v. White*, 738 F.2d 1124, 1125 (11th Cir. 1984); *Malinauskas v. United State*, 505 F.2d 649, 656 (5th Cir. 1974).

As an initial matter, the Undersigned must determine whether the witness is "in custody" for purposes of a writ of habeas corpus. U.S.C. § 2241(c)(1). Over the years, the Supreme Court has addressed the level of government restraint necessary to afford an

4

individual habeas remedies. *See e.g., Jones v. Cunningham,* 371 U.S. 236, 239 (1963) ("[U]se of habeas corpus [is] not ... restricted to situations in which the applicant is in actual, physical custody," and extends to individuals on parole); *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973) (habeas review extends to individuals released on their own recognizance but pending execution of a sentence); *Lefkowitz v. Newsome*, 420 U.S. 283, 291 & n. 8 (1975) (habeas review extends to individuals released on bail). However, when the Court has expanded the "custody" definition to include individuals on bond, probation, or parole, it has always done so in the context of allowing individuals restrained by the government to seek *personal* redress from the court system via habeas writs.

In contrast, in appellate decisions in this circuit addressing the specific writ of *habeas corpus ad testificandum*, the subject (i.e., the witness whose testimony is sought) of the writ has always been a prisoner, inmate, or person otherwise incarcerated. *See e.g. United States v. Richard*, 678 Fed. Appx. 927, 934 (11th Cir. 2017) (writ issued to produce former confidential informant who was in jail); *Canupp v. Liberty Behavioral Health Corp.*, 417 Fed. Appx. 843 (11th Cir. 2011) (affirming denial of writ, as discretionary, for individuals being held in the Florida Civil Commitment Center); *Sith v. Florida Dept. of Correction*, 369 Fed. Appx. 36 (11th Cir. 2010) (affirming denial of writ, as discretionary, for two prisoners whose testimony plaintiff desired). The reasoning behind the writs used in these circumstances is clear: without the assistance of the writ, a party would have no means of procuring a witness's attendance (because the witness cannot physically leave

his location without assistance from the agency confining him).

Despite this writ's limited application historically, no court has carved out an exception separating this writ from the same statutory and common law rulings for other habeas writs. Finding no reason to deviate from these principles, the Undersigned is satisfied that Heinmann is in "custody" for purposes of a writ of *habeas corpus ad testificandum*. However, the analysis does not end with that determination.

Plaintiffs inaccurately limit the issue before this Court as "whether being released on bail subject to electronic location monitoring while in deportation proceedings is enough of a government 'restraint' to constitute 'custody for *habeas corpus ad testificandum* purposes." [ECF No. 51, p. 2]. A finding that the subject of the writ is in "custody" does not end the Undersigned's analysis. Rather, the issue before this Court is whether there is a legal basis to grant Plaintiffs' request and, if there is, whether it should exercise its discretion to grant Plaintiffs' request.

> When determining whether it should issue a writ of habeas corpus ad testificandum in such instances, the district court must exercise its discretion based upon consideration of such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.

*Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977).

These factors, however, should not be read in isolation. The analysis should also consider whether the individual seeking the writ is being uniquely burdened or

6

obstructed by the witness's custody status. While the burden on the government, here may be minimal, Plaintiffs are no more burdened in taking a Heinmann's deposition than they would be for any other witness.

Subpoenas for depositions are governed by Federal Rule of Civil Procedure 45, which provides that "[a] subpoena may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed or regularly transacts business in person." Fed. R. Civ. P. 45. ICE's restrictions on Heinmann, at most, have only a marginal impact on Heinmann's ability to comply with an appropriately issued subpoena. If Plaintiffs select a deposition location within 75 miles of Heinmann's residence, ICE's restrictions would be inapplicable. In other words, Heinmann can appear for a deposition without running afoul of the geographic restrictions.

Moreover, Plaintiffs currently propose that ICE place Heinmann in front of a computer for a "video deposition," which means that Heinmann can make his own arrangements to appear in front of a device for a video deposition. Thus, the Undersigned concludes that Plaintiffs' deposition arrangements would not be hindered by ICE's location monitoring of Heinmann.

Given the near-complete lack of government-created circumstances inhibiting Plaintiffs' ability to take Heinmann's deposition, the minimal costs the government may bear are still a factor to consider. ICE should not be obligated to provide Heinmann with use of its internet, electricity, computers, or any other resource necessary to facilitate this

deposition. Nor should ICE be required to have an agent or employee taken away from the other facets of her job so that a law enforcement official may be present to monitor Heinmann while he gives a deposition in an ICE facility.

Other factors also weigh against Plaintiffs' request. Plaintiffs have not provided any unique justification for a Court-ordered writ under this circumstance. In discussing their *attempt* to serve Heinmann for deposition, Plaintiffs state only that "[he] evaded service" and cite to an unserved subpoena. [ECF No. 49]. When addressing the relevance and importance of Heinmann's testimony, Plaintiffs make a conclusory statement that "there can be no doubt of the relevance of [his] testimony in this case" and highlight that he is the primary Defendant. [ECF No. 55].

Plaintiffs claim that "[i]f there was ever a clear and suitable case to grant a petition and issue a writ ad testificandum in a civil (as opposed to a criminal) case, this case is it." [ECF No. 51]. The Undersigned can think of other situations far more suitable for granting such a request. For example, it would be more suitable to grant such a request if the witness were in a jail or prison facility and could only exit his cell with the permission of the facility's staff. Additionally, it would be more suitable if the witness were on home confinement and had no phone or internet access. Or, it would be more suitable to grant such a request if the witness needed to appear in Florida for trial and ICE would not allow him to leave California without a court order.

There are, in fact, few situations *less* suitable to grant Plaintiffs' request than the

8

instant situation. Plaintiffs' request, if granted, would set an undesirable precedent. Utilizing an *extraordinary remedy* in this situation would justify issuing such a writ any time a litigant sought to take a deposition of an individual out on bond, probation, parole, or released on their own recognizance, thereby requiring the government to produce the individual rather than the litigant serving a subpoena as they would to any other witness.

The purpose of this writ is to ensure that governmental restrictions on an individual's liberty do not foreclose a litigant's ability to obtain their testimony. The purpose is not to obviate the need for a Rule 45 subpoena anytime a witness is subject to any governmental oversight.

### IV. Conclusion

The Undersigned **respectfully recommends** the District Court <u>deny</u> Plaintiffs' request for a writ of *habeas corpus ad testificandum*.

### V. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Federico A. Moreno. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error

if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2020).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on July 16, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record